RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE 2-21-07

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-50098 |
| | * | |
| VERSUS | * | JUDGE STAGG |
| | * | |
| THOMAS RAY BURTON | * | MAGISTRATE JUDGE HORNSBY |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, by virtue of the defendant's conviction on February 7, 2007, and based on the finding of forfeiture made by this Court on February 12, 2007, the United States is now entitled to possession of THOMAS RAY BURTON's right, title, and interest in the following assets:

a. Hi-Point by Beemiller, Inc., pistol, model CF380, .380 ACP, serial number P800716; Lorcin pistol, model L380 cal. auto, serial number 132795; FIE pistol, model Titan, .25 cal, serial number ED19702; and ammunition (Count 4); and

b. $17,242 in United States currency (Count 5).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court has determined, based on the evidence in the record, that the above-described property is subject to forfeiture, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and offenses.

2. Based on the defendant's conviction, all right, title, and interest of the defendant THOMAS RAY BURTON in the following property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Section 853:

   a.    Hi-Point by Beemiller, Inc., pistol, model CF380, .380 ACP, serial number P800716; Lorcin pistol, model L380 cal. auto, serial number 132795; FIE pistol, model Titan, .25 cal, serial number ED19702; and ammunition (Count 4); and

   b.    $17,242 in United States currency (Count 5).

3.    Upon entry of this Order, the United States Marshal's Service is authorized to seize said assets on behalf of the United States, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), the United States Marshal's Service shall publish at least once for three successive weeks in a newspaper of general circulation for Caddo and Bossier Parishes, Louisiana, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, THOMAS RAY BURTON, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

All such claims and answers must be filed with the Office of the Clerk, United States District

Court, Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 with a copy thereof sent to Assistant United States Attorney Sonia P. Cassidy, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

6. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 18, United States Code, Section 982(b) for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

Shreveport, Louisiana, this 21st day of February, 2007.

TOM STAGG
United States District Judge